Kimberly A. Register Attorney for the City of Lake Worth Code Enforcement Board
QUESTION:
May a member of the code enforcement board report alleged code violations to the code inspector, in light of s. 162.06(1), F.S.?
SUMMARY:
There is no statutory prohibition against a code enforcement board member, acting in his or her private capacity, notifying the code inspector of an alleged violation, though such board member has no authority to make such a notification in his or her official capacity pursuant to Ch. 162, F.S.
Section 162.06, F.S., prescribes the procedure to be used by counties or municipalities in enforcing their respective ordinances and technical codes. Specifically, s. 162.06(1), F.S., provides:
 It shall be the duty of the code inspector to initiate enforcement proceedings of the various codes; however, no member of a board shall have the power to initiate such enforcement proceedings.
Pursuant to s. 162.06(2), F.S., if a code violation is found, the code inspector shall notify the violator and give him or her reasonable time to correct the violation. Should the violation continue past the specified time for correction, the code inspector shall notify the code enforcement board and request a hearing. At this point, the chairman of the board may call a hearing.[1] An enforcement board hears the cases on the agenda for that day, with testimony from the code inspector and the alleged violator given under oath and recorded.[2]
At the conclusion of the hearing, the enforcement board issues findings of fact and conclusions of law, and orders the proper relief.[3] The order may include a compliance date and notice that a fine may be imposed if the order is not complied with by that date.[4]
Each code enforcement board has the power to:
(1) Adopt rules for the conduct of its hearings. (2) Subpoena alleged violators and witnesses to its hearings. Subpoenas may be served by the sheriff of the county or police department of the municipality.
(3) Subpoena evidence to its hearings.
(4) Take testimony under oath.
(5) Issue orders having the force of law to command whatever steps are necessary to bring a violation into compliance.[5]
Thus, the powers of the code enforcement board involve conducting hearings, entering appropriate orders and assessing fines for noncompliance.[6] There is no provision in Ch. 162, F.S., for members of the code enforcement board in their official capacity to report alleged code violations to the code inspectors for the initiation of enforcement proceedings.
The initiation of the enforcement proceeding appears to begin with the code inspector's determination of whether a code violation has occurred. This presupposes that either the inspector has been informed of or has observed an alleged violation. Chapter 162, F.S., however, does not specify a method by which the code inspector receives such notification. Furthermore, there is no prohibition against the inspector receiving complaints regarding alleged violations from private citizens, public employees or members of the enforcement board acting in their private capacity.[7]
Accordingly, it appears that a member of the code enforcement board acting as a private citizen is not prohibited from alerting the code inspector to a potential violation of the local codes or ordinances. The code inspector then determines whether a code violation has occurred and, if so, initiates code enforcement proceedings against the alleged violator.
[1] Section 162.07(1), F.S., provides that a hearing may also be called by written notice signed by at least three members of a seven-member enforcement board or signed by at least two members of a five-member enforcement board.
[2] Section 162.07(3), F.S.
[3] Section 162.07(4), F.S.
[4] Id.
[5] Section 162.08, F.S.
[6] See, s. 162.09, F.S., authorizing enforcement boards to impose administrative fines not to exceed 250 per day for first violations and not to exceed 500 per day for repeat violations.
[7] Cf., AGO 75-175, in which this office concluded that a state employee was a "person" possessing a right of access to public documents or records for personal inspection without a precondition of obtaining his or her supervisor's approval.